UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHEROLYN A. FRAZIER a/k/a SHEROLYN A. RICHMOND,<br><br>Plaintiff,<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 4:18-cv-03916<br><br>JURY DEMAND |

**COMPLAINT FOR RELIEF PURSUANT
TO THE FAIR DEBT COLLECTION PRACTICES ACT**

NOW comes SHEROLYN A. FRAZIER a/k/a SHEROLYN A. RICHMOND ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiff is a 38 year-old natural person residing in Houston, Texas which falls within the Southern District of Texas.

5. Defendant is a limited liability company formed under the laws of the State of Delaware. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. Defendant was founded in 1996 and is one of the nation's largest debt collectors.[1]

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Many years ago Plaintiff was issued a consumer credit card through Capital One Bank (USA), N.A. ("Capital One") with an account number ending in 0011 ("subject consumer debt").

8. Plaintiff incurred the subject consumer debt in order to fund the purchase of household goods and services.

9. Due to financial hardship, Plaintiff default on her payment to Capital One on the subject consumer debt.

10. On or around February 25, 2015, Capital One charged-off the subject consumer debt and sold the collection rights to Defendant.

---

[1] https://www.portfoliorecovery.com/?gclid=EAIaIQobChMI7Pvgj4KD2gIVHLjACh11MAX3EAAYASAAEgL3PvD_BwE (Last Viewed April 12, 2018)

11. When Capital One charged-off the subject consumer debt it stopped sending statements to Plaintiff.

12. The balance of the subject consumer debt upon charge-off was $326.47.

13. Defendant purchased the subject consumer debt while Plaintiff was in default.

14. Over the last several years Defendant has sought collection of the subject consumer debt from Plaintiff through collection correspondences.

15. Defendant's collection efforts included sending a correspondence dated July 25, 2018. In that correspondence Defendant included language which appeared as follows:

```
Here is a summary of additional information listed in the electronic file for this account:
Account holder's Name Provided By Seller:      SHEROLYN RICHMOND
Account holder's Last 4 Digits of SSN:         5233
Date Account Opened Provided by Seller:        08/31/2011
Balance at date of PRA, LLC purchase:          $326.47
Interest accrued since the date of purchase or
last payment to PRA, LLC:                      $0.00
Costs and Other Fees:                          $0.00

Total Balance:                                 $326.47
```

16. Plaintiff received the correspondence dated July 25, 2018 from Defendant and was misled as to her rights and obligations.

17. Plaintiff spoke with Sulaiman regarding the correspondence resulting in pecuniary loss and expenditure of resources.

18. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff repeats and realleges paragraphs 1 through 18 as though full set forth herein.

20. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22. Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

23. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

    a. **Violations of the FDCPA § 1692e**

24. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

26. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) through the inclusion of language mentioning interest, fees, and costs. The inclusion of this language misleadingly suggests to consumers the false possibility that Defendant could collect an amount that would be above and beyond that which was outlined as the total due on the collection correspondence. The subject consumer debt was charged-off by Capital One in the amount of $326.47. Upon charge-off, Capital One and its successors waived the right and ability to add interest and other charges.

4

It was a legal impossibility for Defendant to add interest and other charges to the subject consumer debt at the time the correspondence was sent. Defendant purposefully included this misleading language to install a false sense of urgency in Plaintiff so that she would be compelled to make prompt payment.

### b. Violations of FDCPA § 1692f

27. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

28. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law ." 15 U.S.C. §1692f(1).

29. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in the correspondence. Because Defendant was precluded from adding anything to the balance of the subject consumer debt, the above referenced portions of correspondence violate the FDCPA.

30. As pled in paragraphs 16 through 18, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff SHEROLYN A. FRAZIER a/k/a SHEROLYN A. RICHMOND, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.  Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e.  Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 19, 2018                                                          Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)                           s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                                Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                                          Counsel for Plaintiff
Admitted in the Southern District of Texas               Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                                             Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                         2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                                  Lombard, Illinois 60148
(630) 568-3056 (phone)                                                 (630) 581-5858 (phone)
(630) 575-8188 (fax)                                                       (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                        thatz@sulaimanlaw.com