UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHEROLYN A. FRAZIER a/k/a<br>SHEROLYN A. RICHMOND,<br>    *Plaintiff,*<br><br>v.<br><br>PORTFOLIO RECOVERY ASSOCIATES,<br>LLC<br>    *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 4:18-cv-03916 |

**DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S
REPLY TO PLAINTIFF'S RESPONSE TO PRA'S
<u>MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)</u>**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Portfolio Recovery Associates, LLC ("PRA"), and files this Reply to Plaintiff's Response to PRA's Motion to Dismiss Pursuant to Rule 12(b)(6) (the "Motion"), and will show onto this Court as follows:

**INTRODUCTION**

1.   The case concerns a letter sent to Plaintiff by PRA. <u>Doc. 1</u> at 3. Plaintiff complains about two lines in the letter which states, "Interest accrued since the date of purchase or Last payment to PRA, LLC: $0.00" and "Costs and Other Fees: $0.00." There is nothing in this language that falsely implies that PRA might add interest or fees at a later date, as alleged by Plaintiff. Instead, the letter merely provides an itemization of the debt that shows that the debt is not comprised of any interest or fees imposed by PRA. Reading the letter any other way is a bizarre and idiosyncratic reading that must be disregard. PRA subsequently moved to dismiss Plaintiff's claim for a failure to state a claim under the FDCPA. This Court should grant PRA's Motion to Dismiss.

2. Plaintiff filed her response to PRA's Motion to Dismiss on December 18, 2018. Doc. 10., Plaintiff's Response relies largely on Seventh Circuit cases, including *Wood v. Allied Interstate, LLC*, 2018 U.S. Dist. LEXIS 98738 (N.D. Ill. Jun. 13, 2018). *Id*. The case law cited is unpersuasive and/or inapposite to this case, however. Instead of relying on the cases cited by Plaintiff, this Court should follow the holding in *Delgado v. Client Services, Inc.*, Case No-17-c-4364, 2018 WL 1193741, at *2 (N.D. Ill. Mar. 7, 2018), as well as the holdings in *Dick v. Enhanced Recovery Co., LLC*, No. 15CV2631RRMSMG, 2016 WL 5678556, at *1 (E.D.N.Y. Sept. 28, 2016), and *Jones v. Professional Finance Co., Inc.*, 2017 WL 6033547, at *1 (S.D. Fla. Dec. 4, 2017). The letter clearly states the amount of the debt due and indicates that there is not any interest or fees imposed by PRA included in the amount of the debt. There is no language in the letter that implies that PRA would add interest or fees at a later date, and Plaintiff is aware that PRA was never going to add interest or fees. For these reasons, this Court should grant PRA's Motion to Dismiss and dismiss with prejudice all claims against PRA.

## ARGUMENTS AND AUTHORITIES

### A. This Court should follow the holding in *Delgado*

3. As laid out in PRA's Motion to Dismiss, *Delgado* is directly applicable to this case, and this Court should follow its reasoning. Doc. 8. Just as in *Delgado*, the letter in this case does not violate the FDCPA, because "[r]ather than making a false, misleading, or deceptive statement, the letter sets forth the amount due and provides an accounting of that amount, making it explicit that no part of the amount due includes interest or other charges [imposed by PRA]." *Delgado*, 2018 WL 1193741, at *3. Further, according to Plaintiff herself, PRA had sent multiple letters to Plaintiff. Doc. 1 at 3 ¶ 14. Plaintiff knew the amount was not changing and knew that PRA was not going to add any interest or fees. Doc. 10 at 2. Plaintiff does not allege that any of the previous

letters falsely implied interest or fees were accruing. *See generally* Doc. 1. Thus, Plaintiff's claim is that one letter, in a series of letter, that contained the language "Interest accrued since the date of purchase or Last payment to PRA, LLC: $0.00" and Costs and "Other Fees: $0.00" falsely or misleadingly implied that PRA was going to add interest or fees. This sort of contention is exactly the type of bizarre and idiosyncratic reading of the letter that the court in *Delgado* properly denied. *Delgado*, 2018 WL 1193741, at *3; s*ee Helman v. Bank of Am*., 685 F. App'x 723, 726–27 (11th Cir. 2017) ("Such a conclusion—that a single potentially ambiguous communication would override a series of clear and unambiguous communications to the contrary—is exactly the type of 'bizarre or idiosyncratic interpretation of collection notices' to which we have refused to give protection even under the least sophisticated consumer standard.").[1]

4.  The only cases cited by Plaintiff that could apply to this case are *Wood v. Allied Interstate, LLC*, 2018 U.S. Dist. LEXIS 98738, 2018 WL 2967061 *9 (N. D. Ill. June 13, 2018) and *Chaires v. Allied Interstate, LLC*, 1:18-cv-05060, Dkt. #20. All the Chaires case stated, in a Notification of Docket Entry, was that Allied Interstate, LLC's Motion to Dismiss was denied "for the reasons stated by Judge Feinerman in *Wood v. Allied Interstate, LLC*, 2018 WL 2967061 (N.D. Ill. June 13, 2018)." *Chaires*, 1:18-cv-05060, Dkt. #20. It does not offer any substantive analysis of the issues raised in either *Delgado*, *Wood*, or this case. *Id.*

5.  As Judge Ellis noted in *Delgado*, if the letter is found to be misleading or deceptive, it would place "debt collectors between a rock and a hard place, where they cannot simply list the amount owed, for fear of being misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading." *Delgado*, 2018 WL 1193741, at *3. As noted by

---

[1] Plaintiff does not address this argument in her Response.

Judge Ellis in the *Delgado*, collectors have already been sued for failing to itemize the debt. *Id*. (discussing *Fields v. Wilber Law Firm, P.C.,* 383 F.3d 562, 564–66 (7th Cir. 2004)).

6. Plaintiff claims that "Defendant simply had to list the total amount of the subject debt, and did not have to itemize *anything*." Doc. 10 at 11 (emphasis in original). Likewise, the court in *Wood* asked "Why, after all, would Allied include a column for fees and collection charges, and insert a dollar figure ($0.00), if not to suggest fees and costs might possibly accrue in the future?" Wood, 2018 WL 2967061, at *6. These sorts of broad statements concerning compliance with the FDCPA are not actually accurate, as only listing the debt without providing a breakdown has been found to be a potential FDCPA violation. Take, for example, the case of *Vogel v. McCarthy, Burgess, & Wolff, Inc.*, Case No. 17-cv-6681, 2018 WL 3729329, *2 (N.D. Ill. 2018). In that case, the court stated that "[v]iewed from the perspective of an unsophisticated consumer, even an *accurate* representation of the total amount of the debt owed can violate the FDCPA." *Id*. (emphasis in original). The court in *Vogel* held that "it is perfectly plausible, at least at the pleading stage, that presenting a total debt amount without a breakdown of charges and fees is misleading to the unsophisticated consumer." *Id*. at 3. PRA recognizes that the facts of *Vogel* are different, specifically the facts related to the what the debt is comprised of in this case as compare to what the debt was comprised of in *Vogel*. However, *Vogel* shows that it is not as simple as only listing the amount owed to avoid potential liability under the FDCPA, as Plaintiff and the *Wood* case claim. As Judge Ellis recognized in *Delgado*, if the letter sent by PRA in this case is found to be deceptive, it would put PRA in between a rock and a hard place, where it faces lawsuits for including the itemization and faces lawsuits for not including the itemization.[2]

---

[2] While not directly applicable to Texas, some states require that a collector provide an itemization of a debt in the initial communications. *E.g.*, 23 NYCRR § 1.2(b). This would open PRA up to even more liability, where it would be required to itemize the debt under state law but risk violating the FDCPA at the same time.

7. Plaintiff erroneously claims that PRA "fails to acknowledge that one of these criticized cases, *Delgado v. Client Servs.* is presently on appeal to the Seventh Circuit." Doc. 10 at 9. However, the plaintiff in *Delgado* dismissed her appeal on July 15, 2018, months before this Motion was filed. *Delgado v. Client Services, Inc.*, Case No. 18-1748 (7th Cir. 2018), DE # 15, DE # 16. *Delgado* remains good, persuasive case law, and this Court should follow it in finding that the letter does not violate the FDCPA.

8. It is clear that the letter only provides an itemization the debt and does not threaten to add fees or interest at a later date. The letter clearly states that no interest or fees were included in the debt. There is no language in the letter that could reasonably be read to infer that PRA might add interest or fees as a later date.[3] *Delgado* recognized the catch-22 that debt collectors would be placed in if this Court found the itemization of the debts in this letter to be misleading, where PRA would get sued for not including the itemization of the debt and then get sued for including the itemization the debt. The purpose of the FDCPA is not to "essentially turn debt collectors into a modern-day version of Goldie Locks, who cast about searching for the letter that is just right, not listing too little information or too much." *Delgado*, 2018 WL 1193741, at *3. Finding that the letter violates the DCPA would do exactly this, as PRA would have to find some unknown middle ground between a rock and a hard place. For these reasons, this Court should grant PRA's Motion to Dismiss and dismiss all claims against PRA.

   **B. Plaintiff's other cited cases are inapposite**

9. Plaintiff cites to *Tylke v. Diversified Adjustment Service, Inc.*, 2014 U.S. Dist. LEXIS 153281 at *1 (E.D. Wi. Oct. 28, 2014) as being "very persuasive." Doc. 10 at 7. In that case, the letter sent by the collector included a line that said, "The above balance due includes a Verizon

---

[3] This especially true considered that Plaintiff is aware that PRA would not add interest or fees at a later date.

Wireless Collection Fee of $0.00." Id. at *1. As Judge Ellis recognized in distinguishing that case in *Delgado*:

> *Tylke* is distinguishable from this case because the Tylke statement was not as clear as the itemization in the Letter. An independent *sentence* stating that the balance "includes" a collection fee could potentially imply to an unsophisticated consumer that one will be included, even if the collection fee at that time is zero. On the other hand, an itemization accounts for what is and is not included in a total balance. An itemization of zero shows that the balance due does not include interest or other charges, rather than showing what is included in the balance, which is what distinguishes this situation from *Tylke*.

*Delgado,* 2018 WL 1193741, at *7 (emphasis in original). PRA's letter at issue in this case does not use the word "included" as appeared in *Tylke*. Doc. 8 at 2. *Tylke* is not persuasive to this case, as show by Judge Ellis in the *Delgado* case.

10. Plaintiff also cites to *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212 (2d Cir. 2018). *Taylor* concerned whether a debt collector was required to inform a debtor that interest and fees were not actively accruing on the debt. *Taylor*, 886 F.3d at 213 ("This case asks whether it is misleading within the meaning of Section 1692e for a debt collection letter to state the amount of a debt without disclosing that the debt, which once accrued interest or fees, no longer does so."). The Second Circuit found that there was no affirmative duty under the FDCPA to inform a debtor that the debt was not accruing interest and fees. *Id.* at 215. While there is no affirmative duty to do so, *Taylor* does not address the itemization issue at all, and is not persuasive to Plaintiff's position. Under *Taylor*, PRA is not required to include any language saying that interest and fees were not accruing. *Id.* Nothing in *Taylor* addresses whether including an itemization of the debt would be false or misleading, and *Taylor* only addresses whether they were required to include certain language disclosing that fees and interest were not accruing. However, *Taylor* does support the argument that PRA will be put between a rock and a hard place if the letter in this case is found to

be misleading, where PRA will face lawsuits for including certain language about fees or interest, like this case, and get sued for not including it, like in *Taylor*.

11. Plaintiff also makes passing citations to *Lox v. CDA, Ltd.*, 689 F.3d 818, 827 (7th Cir. 2012) and *Gomez v. Niemann & Heyer, L.L.P.*, 2016 U.S. Dist. LEXIS 82443, at *4 (W.D. Tex. June 24, 2016). Doc. 10 at 2. In *Lox*, a collector sent a letter stating that "[o]ur client may take legal steps against you and if the courts award judgement, the court could allow court costs and attorney fees." Lox, 689 F.3d at 827. No such language appears in PRA's letter, and there is no threat to take any action against Plaintiff found in PRA's letter.

12. The *Gomez* case out of the Western District of Texas is similar to *Vogel* and actually supports PRA's position regarding the itemization of the debt. In *Gomez*, the collector was sued for failing to itemize the debt. *Gomez*, U.S. Dist. LEXIS 82443, at *15 ("The Court therefore denies Defendant's motion to dismiss Plaintiffs' claims based on the theory that a failure to itemize is legally uncognizable under the FDCPA."). The debt at issue in *Gomez* is different from this issue, as it included interest, service charges, and legal fees. *Id.* at 14. The Court went on to hold that "[w]hile the FDCPA *does not affirmatively require* itemization in every instance, whether *a failure to itemize* is misleading or deceptive is a context-specific inquiry." *Id.* at 14. (emphasis added). Two relevant factors from this holding is that, first, while the FDCPA does not affirmatively require itemization, there is no blanket ban on itemizing a debt. Second, *Gomez* further highlights the concerns of Judge Ellis in the *Delgado* case. Collectors face lawsuits for not including itemizations of the debt, and then face lawsuits when they do include itemizations. Finding that PRA letters was false or misleading because Plaintiff chooses to read zero as anything but zero is a bizarre and idiosyncratic reading of the letter that must be disregarded. For these reasons, this Court should grant PRA's Motion to Dismiss.

### C. Plaintiff's 1692f claim is the same as her 1692e claim

13. Plaintiff claims that "Defendant's Motion to Dismiss should be denied to the extent it seeks dismissal of Plaintiff's claims under § 1692f, given Defendant's failure to address or provide any argument as to why Plaintiff's claims under § 1692f are subject to dismissal." Doc. 10 at 12. However, it is readily apparent that Plaintiff's section 1692f claim alleges the same violations at Plaintiff's section 1692e claims. Doc. 1 at 4-5. If the letter is not false and misleading under section 1692e, then it should not be considered unfair or unconscionable under section 1692f.[4] *See Dick*, 2016 WL 5678556, at *13 ("Dick has not alleged any additional facts to support a violation of section 1692f beyond those alleged to support his other claims. Moreover, for the reasons discussed above with respect to Dick's section 1692e claim, the representations made in the Letter were not unfair or unconscionable.")

14. In the alternative, Plaintiff's 1692f claim should be dismissed because it contradicts Plaintiff's own complaint. Section 1692f(1) of the FDCPA prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. 1692f(1). Yet as Plaintiff's complaint and Response makes clear, Plaintiff knew that PRA never intended to add any interest or fees. Doc. 10 at 2 ("Defendant, however, never intended to add any fees or collection costs to Plaintiff's account."). Thus, Plaintiff does not have any valid grounds to claim a violation of 1692f(1) when Plaintiff knew that PRA was not intending to collect any interest, fees, or other charges no authorized under the debt. *See Dick*, 2016 WL 5678556, at *12 ("Because the $258.88 amount of debt is undisputed and the Court finds that,

---

[4] If the Court ruled on the section 1692e claim but not on the section 1692f claim, then it would only result in a waste of judicial resources, as the same arguments would surely be made in any subsequent dispositive motions addressing the section 1692f claims.

based on the plain language of the Letter, ERC was not attempting to collect any additional fees or charges, Dick has failed to state a claim under section 1692f(1)."). For these reasons, Plaintiff's section 1692f claims should be dismissed as well.

## CONCLUSION

15. This Court should follow the courts in *Delgado¸ Dick,* and *Jones*, and find that the letter does not violate the FDCPA. A finding that the letter violates the FDCPA would put collectors in between a rock and a hard place, where they cannot itemize the debt for fear of being sued but also run the risk of being sued for not itemizing the debt. Further, finding that the letter threatened to impose fees or interest, despite the fact that the letter did not include any statements from PRA stating that PRA might add interest or fees, is a bizarre and idiosyncratic reading of the letter that must be rejected. For these reasons, this Court should grant PRA's Motion to Dismiss and dismiss all claims against PRA.

WHEREFORE, PREMISES CONSIDERED, Defendant Portfolio Recovery Associates, Inc., respectfully requests that this Court grant PRA's Motion to Dismiss and dismiss with prejudice all claims against PRA.

[SIGNATURE BLOCK ON NEXT PAGE]

Respectfully submitted,

**MALONE AND MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
Texas State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mamlaw.com
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mamlaw.com
**MALONE AND MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT***
***PORTFOLIO RECOVERY ASSOCIATES, LLC***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** on this 26th day of December, 2018 to:

Nathan C. Volheim, Esq. #6302103
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com


*/s/* Robbie Malone
ROBBIE MALONE