# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | |
|---|---|
| SHEROLYN A. FRAZIER a/k/a SHEROLYN A. RICHMOND, <br><br> Plaintiff, <br><br> v. <br><br> PORTFOLIO RECOVERY ASSOCIATES, LLC, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:18-cv-03916 <br><br> JURY DEMAND |

## **FIRST AMENDED COMPLAINT**

NOW comes SHEROLYN A. FRAZIER a/k/a SHEROLYN A. RICHMOND ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), pursuant to Federal Rule of Civil Procedure 15(a)(2), complaining as to the conduct of PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28

1

U.S.C. §1367, as it arises out of the same common nucleus of operative facts as Plaintiff's federal question claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

### PARTIES

4. Plaintiff is a 38-year-old natural person residing in Houston, Texas which falls within the Southern District of Texas.

5. Defendant is a limited liability company formed under the laws of the State of Delaware. Defendant uses the mail and telephone for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Texas. Defendant was founded in 1996 and is one of the nation's largest debt collectors.[1]

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

7. Many years ago, Plaintiff was issued a consumer credit card through Capital One Bank (USA), N.A. ("Capital One") with an account number ending in 0011.

8. Plaintiff obtained the Capital One credit card in order to fund the purchase of household goods and services.

9. Due to financial hardship, Plaintiff eventually defaulted on her payments to Capital One, thus incurring debt ("subject consumer debt").

---

[1] https://www.portfoliorecovery.com/prapay/help/faqs (Last Viewed March 19, 2019)

10. On or around February 25, 2015, Capital One charged-off the subject consumer debt and sold the collection rights to Defendant.

11. The balance of the subject consumer debt upon charge-off was $326.47.

12. When Capital One charged-off the subject consumer debt, it stopped sending periodic billing statements to Plaintiff.

13. Over the last several years, Defendant has sought collection of the subject consumer debt from Plaintiff through collection correspondences.

14. Defendant's collection efforts included sending a correspondence dated July 25, 2018. In that correspondence Defendant included language which appeared as follows:

> Here is a summary of additional information listed in the electronic file for this account:
> Account holder's Name Provided By Seller: SHEROLYN RICHMOND
> Account holder's Last 4 Digits of SSN: 5233
> Date Account Opened Provided by Seller: 08/31/2011
> Balance at date of PRA, LLC purchase: $326.47
> Interest accrued since the date of purchase or last payment to PRA, LLC: $0.00
> Costs and Other Fees: $0.00
>
> Total Balance: $326.47

15. Plaintiff received the correspondence dated July 25, 2018 from Defendant and was misled as to her rights and obligations.

16. Plaintiff was deceptively led to believe that Defendant had the lawful ability to collect interest, costs and other fees through the inclusion of the above-referenced language when such right was waived; when Defendant did not intend to collect the aforementioned interest, costs and other fees; and/or when there is no right to collect these "costs and other fees" in the underlying contract.

17. Plaintiff spoke with Sulaiman regarding the correspondence resulting in pecuniary loss and expenditure of resources.

18.  Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, and aggravation.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

19.  Plaintiff repeats and realleges paragraphs 1 through 18 as though full set forth herein.

20.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

21.  Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

22.  Defendant identifies itself as a debt collector and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1997.[2]

23.  The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes

    a.  **Violations of the FDCPA § 1692e**

24.  The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

25. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

---

[2] https://www.acainternational.org/search#memberdirectory

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

26. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by falsely representing in its collection letter that it had the ability to add interest, costs and other fees to the subject consumer debt. The inclusion of the above-referenced language misleadingly suggests to consumers the false possibility that Defendant could collect an amount that would be above and beyond that which was outlined as the total due on the collection letter. Upon information and belief, Capital One charged-off the subject debt in the amount of $326.47 and stopped sending periodic billing statements. Shortly thereafter, Defendant began collecting upon the subject debt and mailed its collection letter to Plaintiff with the exact same amount due of $326.47. Accordingly, Capital One and its successors waived the right and ability to add interest, costs and other fees.

27. Moreover, Defendant did not intend to add interest, costs and other fees to the subject consumer debt. As evidenced by Defendant's collection efforts, Defendant never added any additional costs and other fees to the subject consumer debt, but has intentionally and purposefully retained the itemization of these deceptive charges in its letters, including a dollar figure, "$0.00" beside the line-items.

28. In addition, these "costs and other fees" were not part of the underlying agreement between Plaintiff and Capital One. § 1692e prohibits a debt collector from falsely or misleadingly representing that it could add such interest, costs and other fees. Defendant intentionally chose to utilize this language in order to impute a certain amount of fear in consumers that, if they failed to address the subject debt with Defendant, then a subsequent debt collector may add additional interest, costs and other fees – even though such interest, costs and other fees were not lawfully collectible. Defendant used its deceptive language in an attempt to unduly persuade Plaintiff to

address the subject debt with Defendant, lest she be subjected to additional costs and other fees by a debt collector.

### b. Violations of FDCPA § 1692f

29. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

30. In addition, this section enumerates specific violations, such as:

> "The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law ." 15 U.S.C. §1692f(1).

31. Defendant violated §1692f and f(1) when it unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in the correspondence. Because Defendant was precluded from adding anything to the balance of the subject consumer debt, the above referenced portions of correspondence violate the FDCPA.

32. As pled in paragraphs 16 through 18, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff SHEROLYN A. FRAZIER a/k/a SHEROLYN A. RICHMOND, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

33. Plaintiff restates and realleges paragraphs 1 through 32 as though fully set forth herein.

34. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

35. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

36. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.304**

37. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(a)(8), prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt . . . ." The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(a)(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

38. Defendant violated the above-referenced portions of the TDCA through its use of the language reflected in paragraph 14 and the misrepresentations as to its ability to add additional amounts on the subject debt. As outlined above, not only did Defendant never intend to add the additional costs and other fees, but Defendant was also precluded from adding these additional amounts. Nevertheless, Defendant's collection letter misrepresents that it *could* add such charges, yet was opting not to do so at the moment.

WHEREFORE, Plaintiff SHEROLYN A. FRAZIER a/k/a SHEROLYN A. RICHMOND, respectfully requests that this Honorable Court grant the following:

7

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject consumer debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: March 19, 2019                                       Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)        s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103              Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                                         Counsel for Plaintiff
Admitted in the Southern District of Texas   Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                           Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                              Lombard, Illinois 60148
(630) 568-3056 (phone)                              (630) 581-5858 (phone)
(630) 575-8188 (fax)                                   (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                     thatz@sulaimanlaw.com