UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **SHEROLYN A. FRAZIER a/k/a SHEROLYN A. RICHMOND,** | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Case No. 4:18-cv-03916 |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC,** | § § § § | |
| *Defendant.* | § § | |

### DEFENDANT PORTFOLIO RECOVERY ASSOCIATES, LLC'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6)

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant Portfolio Recovery Associates, LLC ("PRA"), and files this Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Rule 12(b)(6) (the "Motion"), and will show onto this Court as follows:

### INTRODUCTION

1. Plaintiff filed suit against PRA on October 19, 2018, alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). Doc. 2. At a point prior to the filing of the lawsuit, Plaintiff incurred a debt to Capital One Bank (USA), N.A.[1] *Id*. Plaintiff failed to pay the debt, and Capital One charged the debt off and transferred, sold, and/or assigned the debt to PRA. *Id.* PRA sent Plaintiff a letter dated July 25, 2018, which forms the basis for Plaintiff's complaint. *Id.*

---

[1] Based on facts alleged by Plaintiff in her complaint.

2. On November 27, 2018, PRA filed a Motion to Dismiss Plaintiff's complaint pursuant to Federal Rule 12(b)(6). After briefing was complete, this Court granted without prejudice PRA's Motion to Dismiss, finding that at least some of Plaintiff's complaint did not meet the requirements of Federal Rule 8. Doc. 17. Plaintiff was given leave to amend her complaint, and Plaintiff's amended complaint was filed on March 19, 2019. *Id.*; Doc. 18. Plaintiff's Amended Complaint alleges the same violation as her previous complaint and added an alleged violation of Texas Debt Collection Act, Tex. Fin. Code § 392.001 *et seq.* (the "TDCA"). The Amended Complaint alleges largely the same alleged violation as her first Complaint. *Compare* Doc. 2 with Doc. 18.

3. Plaintiff's complaint alleges that the letter sent to Plaintiff violated the FDCPA and the TDCA through the inclusion of certain language which provided Plaintiff with some additional information regarding the debt. Doc. 18 at 3. According to the image of the letter included in the complaint, the language at issue reads:

| Here is a summary of additional information listed in the electronic file for this account | |
|---|---|
| Account holder's Name Provided by Seller: | Sherolyn Richmond |
| Account holder's Last 4 Digits of SSN: | 5223 |
| Date Account Opened Provided by Seller: | 08/31/2011 |
| Balance at date of PRA, LLC purchase: | $326.47 |
| Interest accrued since the date of purchase or Last payment to PRA, LLC: | $0.00 |
| Costs and Other Fees: | $0.00 |
| Total Balance: | $326.47 |

Doc. 18 at 3. Plaintiff alleges that this language "misleadingly suggest[ed] to [Plaintiff] the false possibility that Defendant could collect an amount that would be above and beyond that which was outlined as the total due on the collection correspondence." *Id.* at 5. Plaintiff further alleges that this language "unfairly suggested that it could collect additional amounts above and beyond the total balance due as represented in the correspondence." *Id.* at 5. Finally, Plaintiff alleges that "Defendant intentionally chose to utilize this language in order to impute a certain amount of fear

in consumers that, if they failed to address the subject debt with Defendant, then a subsequent debt collector may add additional interest, costs and other fees – even though such interest, costs and other fees were not lawfully collectible. *Id.*

4.  Plaintiff's complaint should be dismissed because the letter, and specifically the language *supra*, does not violate the FDCPA in any manner. Plaintiff's complaint requires a bizarre and idiosyncratic reading of the letter to come to the conclusion that the letter somehow violates the FDCPA. The letter clearly states that there was no interest or fees accruing on the debt, and there is nothing in the letter to suggest that PRA would add interest or fees at a later date. Several other courts have found that similar language in similar letters do not violate the FDCPA.

5.  Further, Plaintiff has not accurately represented the letter to the Court. Plaintiff has only included a picture of a portion of the letter in both her Complaint and her Amended Complaint. The full letter, which is attached to this Motion to Dismiss as Exhibit A, shows that the letter was sent to Plaintiff at Plaintiff's request. The letter contains a breakdown of the debt because Plaintiff requested that PRA verify the debt. Further, the letter clearly states that it is not an attempt to collect a debt. Plaintiff cannot claim to be harmed by a letter that she requested that contained information that she requested. For the reasons detailed in this Motion, Plaintiff's complaint should be dismissed for a failure to state a plausible claim under the FDCPA.

## ARGUMENTS AND AUTHORITIES

### A. Standard of Law

6.  Rule 12(b) (6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more

than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal quotation omitted). A plaintiff must allege sufficient facts to state a claim to relief that is "plausible" on its face. *Id*. at 569. A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 667, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Twombly*, 550 U.S. at 556).

7.   It is the court's responsibility to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success. *Id*. However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted). In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint." *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir.1996). In addition to the complaint, the court may review documents attached to the complaint and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s). *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99. (5th Cir. 2000). If an exhibit attached to the complaint contradicts an allegation in the complaint the exhibit controls. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004).

8.     When evaluating whether a dunning letter potentially violates § 1692e or § 1692f, the Court must view the letter from the perspective of an "unsophisticated or least sophisticated consumer." *McMurray v. ProCollect, Inc.,* 687 F.3d 665, 669 (5th Cir. 2012) (quoting *Goswami v. Am. Collections Enter.,* 377 F.3d 488, 495 (5th Cir.2004)). The Court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Goswami,* 377 F.3d at 495. At the same time, however, the unsophisticated consumer is not one "tied to the very last rung on the [intelligence or] sophistication ladder." *Id.* (internal quotation marks omitted) (alteration in original).

### B. The letter is not an attempt to collect a debt

9.     Section 1692e and 1692f of the FDCPA prohibits collectors from taking certain actions when attempting to collect a debt. 15 U.S.C. §§ 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means *in connection with the collection of any debt*.) (emphasis added); § 1692f ("A debt collector may not use unfair or unconscionable means *to collect or attempt to collect any debt.*") (emphasis added). Likewise, the TDCA concerns fraudulent, deceptive, or misleading representations used "in debt collection or obtaining information concerning a consumer." Tex. Fin. Code § 392.304. The letter Plaintiff complains of was not an attempt to collect the debt, as the letter clearly states. *Id.* Rather, it was a response to Plaintiff's request. Exhibit A. This letter was not sent to collect the debt and was not a communication used in an attempt to collect a debt, and therefore cannot violate the FDCPA.

10.    Courts have held that just because a letter comes from a debt collector does not necessarily mean that it is a communication in an attempt to collect a debt. *See Aronson v. Commercial Fin. Servs., Inc.*, No. CIV.A. 96-2113, 1997 WL 1038818, at *4 (W.D. Pa. Dec. 22, 1997) (statement from debt collector that misrepresented interest rate on debt was not an FDCPA violations when

the debt collector "did not use the false statement to collect, or attempt to collect, the debt."); *Gannon v. IC Sys., Inc.*, No. 09-60302-CIV, 2009 WL 2075244, at *3 (S.D. Fla. July 13, 2009) (no FDCPA violation when letter was not an attempt to collect a debt, but rather a response to debtor's request to investigate debt). In determining this, courts recognize that "the language used in the communication is important in determining whether it was sent in connection with the collection of a debt.'" *South v. Midwestern Audit Servs., Inc.*, No. CIV.A. 09-14740, 2010 WL 5088765, at *5 (E.D. Mich. Aug. 12, 2010), *report and recommendation adopted*, No. CIV. 09-14740, 2010 WL 5089862 (E.D. Mich. Dec. 8, 2010) (quoting *Thompson v. BAC Home Loans Servicing, L.P.*, 2010 WL 1286747, at *4 (N.D. Ind. Mar. 26, 2010)); *see also Parker v. Midland Credit Mgmt., Inc.*, 874 F. Supp. 2d 1353, 1358 (M.D. Fla. 2012) ("The court concluded that even if the debt collector's ultimate goal in sending the transfer letter was to ensure the ultimate payment of the debt, this did not alter the nature of the letter from one providing notification to one attempting to collect a debt.").

11.     The letter clearly states that the letter "is not an attempt to collect a debt." <u>Exhibit A</u>. The letter states that "[t]he following information is being provided in response to your recent communication concerning the account referenced above." *Id.* These communications only occurred because Plaintiff repeatedly disputed the debt. Even the least sophisticated consumer could understand that letters sent in response to a request made by the debtor that clearly and undeniably state that it "is not an attempt to collect a debt" is not, in fact, an attempt to collect a debt. Because these communications were not made as part of an attempt to collect a debt, PRA cannot be liable under section 1692e or 1692f. Even if PRA's ultimate purpose in responding to the letter was to get Plaintiff to pay the debt, that does not make these communications an attempt

to collect a debt. *See Parker*, 874 F. Supp. 2d at 1358. For these reasons, Plaintiff has failed to state a claim for relief, and all claims against PRA should be dismissed.

### C. The letter does not violate the FDCPA

12. Plaintiff claims the language in the letter violates section 1692e and 1692f of the FDCPA and the TDCA because the language is misleading and unfair. Doc. 18 at 4-6. Plaintiff claims the language it allegedly implies that PRA could apply or include interest and fees to the letter. *Id.* This Court should reject this unfounded reading of the letter. Nothing in the letter implies or suggests that PRA will add interest or fees to amount owed by Plaintiff. Exhibit A. The letter merely states that no interest or fees have accrued on the balance. Reading "0.00" to mean anything other than zero is a bizarre and idiosyncratic reading of the letter that must be rejected. Further, nothing in the language that Plaintiff complains of suggests or implies that interest or fees are accruing. It states very clearly that no fees or interest have accrued since the debt was purchased by PRA, and presents a *total* balance as opposed to a current balance. It is clear that there is nothing in the language to suggest that fees or interest were accruing. This language does not violate the FDCPA, and Plaintiff's claims should be dismissed.

13. Further, according to Plaintiff, PRA has sent multiple letters to Plaintiff over the past several years regarding the debt at issue. Doc. 18 at 3 ¶ 13. Plaintiff makes no allegations that the balance changed at any point since PRA began attempting to collect on the debt, and the language in the letter itself shows that the balance had not changed between PRA bought the debt and when PRA sent the letter at issue to Plaintiff. Plaintiff makes no allegations that any previous letters were deceptive, misleading, or unfair. Therefore, to accept Plaintiff's argument, this Court has to accept that Plaintiff received several letters over several years, all with the same balance, but that only recently did she become concerned that PRA might be adding interest or fees. As the Eleventh

Circuit recently made clear, even the least sophisticated consumer brings her prior knowledge with her when reading communications from a collector. *Helman v. Bank of Am.*, 685 F. App'x 723, 726–27 (11th Cir. 2017) ("Such a conclusion—that a single potentially ambiguous communication would override a series of clear and unambiguous communications to the contrary—is exactly the type of 'bizarre or idiosyncratic interpretation of collection notices' to which we have refused to give protection even under the least sophisticated consumer standard."). Finding a violation in this case requires a bizarre and idiosyncratic reading of the letter that should not be afforded protection.

14. Other courts have held that similar language in similar letters does not violate the FDCPA. *Delgado v. Client Services, Inc.*, Case No-17-c-4364, 2018 WL 1193741, at *2 (N.D. Ill. Mar. 7, 2018); *Dick v. Enhanced Recovery Co.*, LLC, No. 15CV2631RRMSMG, 2016 WL 5678556, at *1 (E.D.N.Y. Sept. 28, 2016); *Jones v. Professional Finance Co., Inc.*, 2017 WL 6033547, at *1 (S.D. Fla. Dec. 4, 2017); *Coletta v Allied Interstate, LLC*, 1:18-cv-04014 (N.D. Ill. 2018), Docket Entry # 19 ("*Coletta*").[2] This Court should follow the reasoning of these cases and dismiss Plaintiff's lawsuit.

15. In *Delgado*, the letter contained the follow language:

| | |
|---|---|
| Balance Due At Charge-Off: | 2,619.26 |
| Interest: | 0.00 |
| Other Charges: | 0.00 |
| Payments Made: | 20.00 |
| **Current Balance:** | **2,599.26** |

2018 WL 1193741, at *1. The plaintiff in *Delgado* made similar allegations as in this case, such as that the inclusion of the lines for interest and other charges led the plaintiff to believe that the collector would add interest or other charges at a later time. The court rejected these arguments, stating that "[r]ather than making a false, misleading, or deceptive statement, the letter sets forth

---

[2] A courtesy copy of *Coletta* was previously supplied to the Court. Doc. 15-2.

the amount due and provides an accounting of that amount, making it explicit that no part of the amount due includes interest or other charges." *Delgado*, 2018 WL 1193741, at *3. The court in *Delgado* stated that when one considers the letter as a whole, "[t]here is no suggestion that the amount due will change if the balance is not paid within a certain period of time and no other mention of interest and other charges." *Id.* This is the same as this case. Nothing in the letter sent by PRA suggested that PRA would add any fees or interest to the balance.

16. The court in *Delgado* also pointed out that finding the language used by PRA in this case deceptive would place "debt collectors between a rock and a hard place, where they cannot simply list the amount owed, for fear of being misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading." *Id.* Plaintiff's allegations are the type of bizarre and idiosyncratic interpretations of dunning letters that the Court should not consider.

17. The language Plaintiff complains of is also similar to the language analyzed in *Dick v. Enhanced Recovery Co.*, LLC, No. 15CV2631RRMSMG, 2016 WL 5678556, at *1 (E.D.N.Y. Sept. 28, 2016). The letter in *Dick* contained a similar breakdown of the interest and other charges (labeled as Non-Interest Charges & Fees). In *Dick*, the plaintiff "argue[d] that the language of the Letter could imply a future imposition of noninterest charges and fees." *Id.* at *4. The court in *Dick* ruled that

> such an interpretation contravenes the plain language of the Letter, which clearly sets forth the total amount of the debt and further provides an accounting of that debt. The Letter does not leave Dick, or the least sophisticated consumer, in doubt of the nature and legal status of the underlying debt; nor does it impede the consumer's ability to respond to or dispute collection. Accordingly, the language of the letter is not false, deceptive, or misleading and does not violate section 1692e.

*Id.* The court in *Delgado* agreed with the ruling in *Dick* as well. *Delgado,* 2018 WL 1193741, at *3. This Court should do the same.

18.      This case is also similar to that of *Jones*. In *Jones*, the plaintiff alleged that a fee column reflecting a balance of $0.00 implied that the debt could incur some sort of fee. *Id.* The court in *Jones* held:

> Even the least sophisticated consumer would not be misled or deceived by the Collection Letter. Plaintiff cannot state a violation of the FDCPA, or the FCCPA. First, the Collection Letter does not falsely state that there are fees associated with Plaintiff's debt. It specifically shows there are no fees associated with the debt; that is the ordinary meaning of 0.00—none, zilch, nada

*Jones,* 2017 WL 6033547, at *1-2. This is the same as in this case. Reading zero to mean anything other than zero is a bizarre and idiosyncratic reading of the letter.

19.      Likewise, in *Coletta*, the Honorable Judge Gettleman granted a motion to dismiss filed by Allied Interstate, LLC ("Allied"). Judge Gettleman agreed with Judge Ellis' opinion in *Delgado v. Client Servs., Inc.*, 2018 WL 1193741, at *3-4 (N.D. Ill. Mar. 7, 2018) and also agreed with the courts in *Jones v. Prof'l Fin. Co.*, 2017 WL 6033547, at *2 (S.D. Fla. Dec. 4, 2017) and *Dick v. Enhanced Recovery Co.*, 2016 WL 5678556, at *3-5 (E.D.N.Y. Sept. 28, 2016). Judge Gettleman held that "[i]t plainly was not misleading to list $0 for 'Other Charges'" and "even an unsophisticated customer could not interpret '$0.00' in 'Collection Costs' as a latent threat." *Coletta* at 4-5.

20.      These four cases, though from outside this district and circuit, are still persuasive and well-reasoned, and this Court should follow them in finding that the letter sent by PRA is not misleading, deceptive, or unfair, and does not violate any provisions of the FDCPA. It is likely that Plaintiff will also rely on case law from outside this circuit, particularly *Wood v. Allied Interstate, LLC*, No. 17 C 4921, 2018 WL 2967061, at *1 (N.D. Ill. June 13, 2018). In *Wood*, the court came to the opposite conclusion of the court in *Delgado*, and presented the rhetorical question of "[w]hy . . . would Allied include a column for fees and collection charges, and insert a dollar

figure ($0.00), if not to suggest that that such fees and costs might possibly accrue in the future?" *Id.* at 2. However, the court in *Delgado* had already answered this question. As the *Delgado* court properly recognized, collectors are at risk of being put between a rock and a hard place where a collector "cannot simply list the amount owed, for fear of being misleading, but likewise, cannot breakdown the amount into categories either, for fear of being misleading." *Delgado*, 2018 WL 1193741, at *3.

21. Further, the court in *Wood* had to disagree with three different courts from three different circuits. *See Delgado*, 2018 WL 1193741, at *2; *Dick,* 2016 WL 5678556, at *1, *Jones*, 2017 WL 6033547, at *1. The fact that three different courts from three different circuits all came to the same conclusion shows that this Court should follow those opinions, rather than the *Wood* opinion. This Court should disregard the holding in *Wood* and adopt the reasoning of *Delgado*, *Dick*, and *Jones*, and dismiss all claims against PRA.

## CONCLUSION

22. The letter that Plaintiff complains of was not an attempt to collect a debt. Rather, it was a response to Plaintiff's request, and Plaintiff should not be able to claim that she was mislead by a letter that she requested. Further, this Court should join with the *Delgado*, *Dick*, and *Jones* courts in finding that there is no violation of the FDCPA in this case. The letter stated the amount was a total amount and stated that there were no fees or interest accruing on the debt. It requires a bizarre and idiosyncratic reading of the letter to interpret zero as meaning anything other than zero, or it interpret that language as suggesting fees or interest could possible accrue in the future. This Court should find that there are no FDCPA violations in this case and dismiss all claims against PRA.

[SIGNATURE BLOCK ON NEXT PAGE]

WHEREFORE, PREMISES CONSIDERED, Defendant Portfolio Recovery Associates, LLC, respectfully requests that this Court dismiss with prejudice all claims against PRA.

Dated: April 2, 2019.

Respectfully submitted,

**MALONE AND MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
Texas State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
Texas State Bar No. 24078928
Email: xmartin@mamlaw.com
JACOB MICHAEL BACH
Texas State Bar No. 24100919
Email: jbach@mamlaw.com
**MALONE AND MARTIN PLLC**
Northpark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
TEL: (214) 346-2630
FAX: (214) 346-2631

***COUNSEL FOR DEFENDANT,
PORTFOLIO RECOVERY ASSOCIATES, LLC***

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been forwarded via **CM/ECF** on this 2nd day of April 2019 to:

**Nathan C. Volheim, Esq**. #6302103
**Taxiarchis Hatzidimitriadis**
Counsel for Plaintiff
Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com
thatz@sulaimanlaw.com

*/s/* Robbie Malone
ROBBIE MALONE